UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DERRICK K. BALDWIN,

    Petitioner,

v.                                        Case No. 8:07-cv-492-T-23AEP

SECRETARY, Department of Corrections,

    Respondent.
                                                /

**O R D E R**

Baldwin petitions under 28 U.S.C. § 2254 for the writ of habeas corpus and challenges his conviction for robbery, for which he serves twenty years as a habitual felony offender.[1] Baldwin's original petition (Doc. 1) presented four grounds for relief. This case was stayed (Doc. 17) to permit the exhaustion of an additional ground. Baldwin' subsequent amended petition (Doc. 25) contains the additional ground.[2] The amended response (Doc. 30) addresses only the additional ground and incorporates the original response. (Doc. 10) Numerous exhibits ("Respondent's Exhibit __") support the response. (Doc. 13 and 31) The respondent offers no challenge to the petition's timeliness but contends that some grounds are procedurally defective and the remaining grounds lack merit.

---

[1] This petition involves only one of Baldwin's eleven bank robberies.

[2] Instead of identifying the new ground as number five, Baldwin identified the new ground as number one and the former ground one as number five.

## **FACTS**[3]

On April 15, 2002, a man wearing a baseball cap and dark glasses entered the Bank of America and, after standing in line for several minutes, approached the teller and demanded "all of the 100's, 50's, and 20's."  When the teller did not understand, the man repeated his demand, to which the teller replied, "So you're taking my money?" Although the teller saw no weapon, the man kept one hand below the counter.  The teller followed bank policy and gave the man the money in her cash drawer, which totaled $6,100.  A couple weeks later the police questioned Baldwin about the robbery.  After waiving his Miranda rights Baldwin confessed.  The bank teller selected Baldwin's picture in a photographic array and identified him as the man who demanded the money.  The defense at trial was that, because the teller was never placed in fear, Baldwin committed a grand theft, not a robbery.

## **PROCEDURALLY DEFECTIVE CLAIMS**

Three of Baldwin's grounds are unexhausted and procedurally barred from federal review.

Ground One:

Baldwin alleges in his amended petition that trial counsel rendered ineffective assistance by not moving to suppress the confession based on a Miranda violation. Baldwin contends that the confession was involuntary because he was not advised of his right to counsel during interrogation.  Baldwin relies on State v. Powell, 998 So. 2d 531 (Fla. 2008).

---

[3] This summary of the facts derives from Baldwin's brief on direct appeal.  (Respondent's Exhibit 1)

Baldwin presented this claim to the state court in a second Rule 3.850 motion to vacate. (Respondent's Exhibit 34 and 35)  The state court rejected the motion to vacate as successive, but also because in Powell the Florida supreme court specifically stated that the decision "is not to be applied retroactively . . . ."  Powell, 998 So. 2d at 542.[4]

The respondent is correct that ground one is unexhausted.  A petitioner must present each claim to a state court before raising the claim in federal court. "[E]xhaustion of state remedies requires that petitioners 'fairly presen[t]' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights."  Duncan v. Henry, 513 U.S. 364, 365 (1995), quoting Picard v. Connor, 404 U.S. 270, 275 (1971).  Accord Rose v. Lundy, 455 U.S. 509, 518-19 (1982) ("A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error.").  To properly exhaust available state court remedies a petitioner must appeal a lower state court's decision to the state appellate court.  To meet the exhaustion requirement "the applicant must have fairly apprised the highest court of his state with the appropriate jurisdiction of the federal rights which allegedly were violated."  Upshaw v. Singletary, 70 F.3d 576, 578 (11th Cir. 1995).  Baldwin failed to appeal the denial of his Rule 3.850 motion to vacate. Consequently, ground one remains unexhausted and not reviewable.

---

[4] Baldwin's reliance on Powell is misplaced because that decision was reversed.  Florida v. Powell, ___ U.S. ___, 130 S. Ct. 1195 (2010).

- 3 -

Ground Five:

Baldwin alleges that trial counsel rendered ineffective assistance by not moving to suppress the confession based on alleged promises that induced Baldwin to confess. Although this claim was summarily denied, the state court conducted two evidentiary hearings on other issues.  Baldwin's appointed counsel chose not to include this claim in the initial brief on appeal.  (Respondent's Exhibit 14)  Because Baldwin received an evidentiary hearing and he failed to include this claim in his appellate brief, Baldwin failed to "fairly present" this claim to the state courts.  See Cortes v. Gladish, 216 Fed. App'x 897, 899-900 (11th Cir. 2007) ("[H]ad Cortes received an evidentiary hearing, his failure to address issues in his appellate brief would constitute a waiver.").  Baldwin unsuccessfully distinguishes Cortes because Cortes received no evidentiary hearing. Because Baldwin received an evidentiary hearing, even though not on this claim, the failure to assert this claim on appeal fails to meet the "fair presentation" requirement. See Rule 9.141(b)(2)(C), Fla. R. App. P. (The "[n]o briefs or oral argument shall be required" applies only if the motion to vacate was denied without an evidentiary hearing.).  As a consequence, ground five remains unexhausted and not reviewable, and Baldwin's "Motion for Discovery" (Doc. 37) on ground five is moot.

Ground Four:

Baldwin alleges that the trial court erred in denying the motion for judgment of acquittal.  This is the sole claim asserted in Baldwin's initial brief on direct appeal. (Respondent's Exhibit 1)  Baldwin fails to meet the "fair presentation" requirement of the exhaustion doctrine because the appellate brief neither cites a federal case nor asserts the violation of a constitutional right.  The initial brief presents only a state law argument.

Briefing an issue as a matter of state law is not sufficient to exhaust a federal claim on the same grounds.

> If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365-66 (1995). See Baldwin v. Reese, 541 U.S. 27, 32 (2004) ("We consequently hold that ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so."). Consequently, ground five remains unexhausted and not reviewable.

* * *

Baldwin failed to "fairly present" to the state courts grounds one, four, and five. The failure to properly exhaust each available state court remedy causes a procedural default of the unexhausted claim. O'Sullivan v. Boerckel, 526 U.S. 838, 847 (1999) ("Boerckel's failure to present three of his federal habeas claims to the Illinois Supreme Court in a timely fashion has resulted in a procedural default of those claims."). As a general proposition, a federal court is precluded from addressing the merits of a procedurally defaulted ground unless the petitioner can show "cause and prejudice" or "manifest injustice." Coleman v. Thompson, 501 U.S. 72, 29-30 (1991); Murray v. Carrier, 477 U.S. 478, 496 (1986). "Cause" must ordinarily be something external to the defense. Marek v. Singletary, 62 F.3d 1295, 1302 (11th Cir. 1995). To show

"prejudice," the petitioner must show "not merely that the errors at his trial created the possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Hollis v. Davis, 941 F.2d 1471, 1480 (11th Cir. 1991) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)) (emphasis original).

To meet the fundamental miscarriage of justice exception, Baldwin must show constitutional error coupled with "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995).  This exception is not available unless "petitioner shows, as a factual matter, that he did not commit the crime of conviction." Ward v. Cain, 53 F.3d 106, 108 (5th Cir. 1995) (denying certificate of probable cause).

Further, Baldwin must show that he has exhausted what he argues excuses his procedural default, to the extent it constitutes an independent constitutional claim. See Murray v. Carrier, 477 U.S. at 488-89 (holding that if ineffective assistance of counsel is alleged as cause to excuse a procedural default, the petitioner must have presented the ineffectiveness claim to the state courts as an independent claim.);  Hill v. Jones, 81 F.3d 1015, 1830 (11th Cir. 1996) ("[P]rocedurally defaulted claims of ineffective assistance cannot serve as cause to excuse a default of a[nother] claim.") (emphasis original), cert. denied, 519 U.S. 1119 (1997).

In a supplement (Doc. 27) Baldwin argues entitlement to both "cause and prejudice" and manifest injustice."  Neither argument is valid.  Baldwin cannot rely on ineffective assistance of counsel as "cause" because he failed to "fairly present" to the

state court this claim of ineffective assistance of counsel regarding the confession.[5] The relevant claim was not included in the appeal from the first motion to vacate and Baldwin never appealed the denial of his second motion to vacate. Baldwin cannot meet "manifest injustice" exception because he cannot show that "as a factual matter, . . . he did not commit the crime of conviction." Ward v. Cain, 53 F.3d at 108. Therefore, grounds one, four, and five are procedurally barred from federal review.

## STANDARD OF REVIEW

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this proceeding. Wilcox v. Florida Dep't of Corr., 158 F.3d 1209, 1210 (11th Cir. 1998), cert. denied, 531 U.S. 840 (2000). Section 2254(d), which creates a highly deferential standard for federal court review of a state court adjudication, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In Williams v. Taylor, 529 U.S. 362, 412-13 (2000), the Supreme Court interpreted this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under

---

[5] This failure to present is the basis for the procedural default of grounds one and five.

- 7 -

> § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied--the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal Law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States."  Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one." Bell v. Cone, 535 U.S. at 694. See Brown v. Head, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness per se, of the state court decision that we are to decide."). The phrase "clearly established Federal law" encompasses only the holdings of the United States Supreme court "as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. at 412.

The purpose of federal review is not to re-try the state case.  "The [AEDPA] modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002). Federal courts must afford due deference to a state court's decision. "AEDPA prevents defendants—and federal courts—from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." Renico v. Lett, ____ U.S. ____, 130 S. Ct. 1855, 1866 (2010).

In a per curiam decision without a written opinion the state appellate court affirmed Baldwin's conviction and sentence on direct appeal.  (Respondent's Exhibit 3) Similarly, in another per curiam decision without a written opinion the state appellate court affirmed the denial of Baldwin's subsequent Rule 3.850 motion to vacate. (Respondent's Exhibit 17)  The state appellate court's per curiam affirmances warrant deference under Section 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due."  Wright v. Moore, 278 F.3d 1245, 1254 (11th Cir.), reh'g and reh'g en banc denied, 278 F.3d 1245 (2002), cert. denied sub nom Wright v. Crosby, 538 U.S. 906 (2003).

Baldwin bears the burden of overcoming by clear and convincing evidence a state court factual determination.  "[A] determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1). This presumption of correctness applies to a finding of fact but not to a mixed determination of law and fact.  Parker v. Head, 244 F.3d 831, 836 (11th Cir.), cert. denied, 534 U.S. 1046 (2001).  The state court's rejection of Baldwin's post-conviction claims warrants deference in this case.  (Order Denying Motion for Post-Conviction Relief, Respondent's Exhibit 13)

### **INEFFECTIVE ASSISTANCE OF COUNSEL**

Baldwin claims ineffective assistance of counsel, a difficult claim to sustain.  "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between."  Waters v. Thomas, 46 F.3d 1506, 1511 (11th Cir. 1995) (en banc) (quoting Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994)).

Strickland v. Washington, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to Strickland, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Strickland, 466 U.S. at 687, 104 S. Ct. 2052.

Sims v. Singletary, 155 F.3d 1297, 1305 (11th Cir. 1998).

Strickland requires proof of both deficient performance and consequent prejudice. Strickland, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); Sims, 155 F.3d at 1305 ("When applying Strickland, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." 466 U.S. at 690. Strickland requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." 466 U.S. at 690.

Baldwin must demonstrate that counsel's error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." 466 U.S. at 691-92. To meet this burden, Baldwin must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694.

Strickland cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." 466 U.S. at 690-91. Baldwin cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful.

> The test has nothing to do with what the best lawyers would have done.
> Nor is the test even what most good lawyers would have done. We ask
> only whether some reasonable lawyer at the trial could have acted, in the
> circumstances, as defense counsel acted at trial . . . . We are not
> interested in grading lawyers' performances; we are interested in whether
> the adversarial process at trial, in fact, worked adequately.

White v. Singletary, 972 F.2d 1218, 1220-21 (11th Cir. 1992). Accord Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable . . . . [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'") (en banc) (quoting Burger v. Kemp, 483 U.S.

776, 794 (1987)).  See also Jones v. Barnes, 463 U.S. 745, 751 (1983) (counsel has no duty to raise a frivolous claim).

Baldwin must prove that the state court's decision was "(1) . . . contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  In determining "reasonableness," a federal petition for the writ of habeas corpus authorizes determining only "whether the state habeas court was objectively reasonable in its Strickland inquiry" and not independently assess whether counsel's actions were reasonable.  Putnam v. Head, 268 F.3d 1223, 1244 n.17 (11th Cir. 2001), cert. denied, 537 U.S. 870 (2002).

The state court conducted an evidentiary hearing and denied the claims of ineffective assistance of counsel with the following introduction.

> When ineffective assistance is alleged, the burden is on the person seeking collateral relief to specifically allege the grounds for relief and to establish whether the grounds resulted in prejudice.  Effective assistance of counsel does not mean that a defendant must be afforded errorless counsel or that future developments in law must be anticipated.  Meeks v. State, 382 So. 2d 673 (Fla. 1980).  In Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the U.S. Supreme Court provided the following standard for determining ineffective assistance of counsel:
>
>> The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.  A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction . . . has two components.  First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second,

> the defendant must show that the deficient performance
> prejudiced the defense.  This requires showing the errors were
> so serious as to deprive the defendant of a fair trial, a trial
> whose result is reliable . . . .  [T]he proper standard for
> attorney performance is of reasonably effective assistance.

466 U.S. at 686-687.  In Downs v. State, 453 So. 2d 1102 (Fla. 1984), the Florida Supreme Court stated that the defendant must affirmatively prove prejudice.  The test for prejudice is:

> [T]hat there is a reasonable probability that, but for counsel's
> unprofessional errors, the result of the proceeding would
> have been different.  A reasonable probability is a probability
> sufficient to undermine confidence in the outcome.

Strickland, 466 U.S. at 694.

(Respondent's Exhibit 13 at 1145-46)  Because the state court correctly recognized that Strickland governs each claim of ineffective assistance of counsel, Baldwin cannot meet the "contrary to" test in Section 2254(d)(1).  Baldwin instead must show that the state court unreasonably applied Strickland or unreasonably determined the facts.  Because of the presumption of correctness and the highly deferential standard of review, the analysis of each claim must start with the state court's analysis.

Ground Two:

Baldwin alleges that trial counsel rendered ineffective assistance by not having a determination of Baldwin's mental competency.  Both Baldwin and his trial counsel testified during the evidentiary hearing in the Rule 3.850 proceeding.  After summarizing that testimony, the state judge rejected the claim as follows (Respondent's Exhibit 13 at 1149-50):

> [T]he Court finds [trial counsel]'s testimony to be more credible than that of
> Defendant.  Therefore, the Court finds that Defendant did not give [trial
> counsel] any indications that he was incompetent and all of Defendant's
> interactions with her led her to believe that Defendant was competent and

- 13 -

> more intelligent than her usual clients.  Consequently, the Court finds that
> Defendant has failed to meet the first prong of Strickland in that he has
> failed to prove how counsel acted deficiently in failing to get Defendant
> evaluated prior to trial when Defendant did not give [trial counsel] any
> indications that he was incompetent, and actually acted both prior to trial
> and during the trial, as a competent individual of above average
> intelligence when compared to her usual clients.  Since Defendant has
> failed to meet the first prong of Strickland, it is unnecessary to address the
> prejudice component.  See Downs v. State, 740 So. 2d 506, 518 n. 19 (Fla.
> 1999).  As such, no relief is warranted . . . .

The state court accepted trial counsel's testimony over that of Baldwin.  A federal court must defer to the state court's findings of fact.  28 U.S.C. § 2254(e)(1).  This deference applies to credibility determinations that resolve conflicting testimony.

> We must accept the state court's credibility determination and thus credit
> [the attorney's] testimony over [the petitioner's].  Coulter v. Herring, 60 F.3d
> 1499, 1503 (11th Cir. 1995) (applying the statutory presumption of
> correctness under § 2254(d) to the state court's credibility determination),
> cert. denied, 516 U.S. 1122 (1996).

Baldwin v. Johnson,[6] 152 F.3d 1304, 1316 (11th Cir. 1998), cert. denied, 526 U.S. 1047 (1999).  Baldwin presents no basis for rejecting the state court's credibility determination.  Consequently, Baldwin fails to show that the state court unreasonably applied Strickland.

Ground Three:

Baldwin alleges that trial counsel rendered ineffective assistance by not questioning the jury venire whether they had seen any pretrial publicity about his case.  The state judge identified the issue as follows (Respondent's Exhibit 13 at 1156-57) (references to exhibits omitted):

> Defendant claims ineffective assistance of counsel due to counsel's failure
> to question any of the jury panel during voir dire regarding whether or not
> they heard or read about Defendant in the newspaper or media because of

---

[6] This "Baldwin" is not Derrick K. Baldwin, who is the petitioner in this case.

- 14 -

> the notoriety of Defendant's robbery cases.  Specifically, Defendant claims that there is a reasonable probability that some of the jurors knew about Defendant's pretrial publicity that may have been needed to be excluded, but instead sat through the entire trial, thereby depriving Defendant of the opportunity to challenge any juror who could have been bias or prejudice[d] and possibly depriving Defendant of a hung jury.  Defendant concedes that his counsel did question juror #20, an individual who worked for Bank of America, about Defendant's pretrial publicity.  However, Defendant claims that there exists a reasonable probability that the results of Defendant's trial would have been different because of the impaneled jurors who very well could have been biased or prejudiced because of Defendant's eleven robberies and all the pretrial publicity.
>
> A review of the record does reflect that Defendant's counsel did inquire of juror #20, and during said inquiry, the State made a comment that this was addressed in the last jury.  Moreover, a review of the record does not reflect that Defendant's counsel questioned any other jurors regarding whether or not they heard or read about Defendant in the newspaper or media.  Furthermore, a review of the record does not reflect that the State questioned any jurors regarding whether or not they heard or read about Defendant in the newspaper or media.

The state judge extensively summarized the testimony from two evidentiary hearings and rejected the claim as follows (Respondent's Exhibit 13 at 1160) (references to exhibits omitted):

> After reviewing ground 4, the testimony, evidence, and argument presented on March 15, 2005, and April 27, 2005, the court file, and the record, the Court finds that based on [trial counsel]'s testimony, she did not believe that Defendant's case was a high publicity media case.  The Court further finds that Defendant has failed to prove that any of the jury members were exposed to the alleged pretrial publicity and were [not] impartial as a result of the alleged overwhelming pretrial publicity.  Consequently, Defendant has failed to meet the second prong of Strickland in that he has failed to prove how counsel's alleged failure to question any of the jury panel during voir dire regarding whether or not they heard or read about Defendant in the newspaper or media resulted in prejudice when Defendant has failed to provide this Court with any testimony or evidence to prove that any of the jury members were exposed to the alleged pretrial publicity and were [not] impartial as a result of the alleged overwhelming pretrial publicity.  Since Defendant has failed to meet the second prong of Strickland, it is unnecessary to address the performance component.  See Kennedy v.

- 15 -

State, 547 So. 2d 912, 914 (Fla. 1989).  As such, no relief is warranted
. . . .

Baldwin includes in ground three another claim, one that he asserted separately in the state proceedings.  Baldwin alleges that trial counsel rendered ineffective assistance by not "alert[ing] the trial court of its responsibility to protect petitioner from inherently prejudicial influences such as pretrial publicity."  The state judge extensively summarized the testimony from two evidentiary hearings and rejected the claim as follows (Respondent's Exhibit 13 at 1160) (references to exhibits omitted):

> After reviewing ground 5 of his motion and ground 4 of his amended motion, the testimony, evidence, and argument presented on March 15, 2005, and April 27, 2005, the court file, and the record, the Court finds that based on [trial counsel]'s testimony, she did not believe that Defendant's case was a high publicity media case.  The Court further finds that Defendant has failed to prove that any of the jury members were exposed to the alleged pretrial publicity and were [not] impartial as a result of the alleged overwhelming pretrial publicity.  Consequently, Defendant has failed to meet the second prong of Strickland in that he has failed to prove how counsel's alleged failure to alert the Court of its responsibility to protect Defendant from inherently prejudicial influences, such as pretrial publicity, and/or question all the potential jurors to see if there was any basis or prejudice which threatened the fairness of Defendant's trial, counsel's alleged failure to advise the Court of all the alleged pretrial publicity, and counsel's alleged actions of allowing herself to downplay the media coverage when she originally referred to Defendant's case as "high media" resulted in prejudice when Defendant has failed to provide this Court with any testimony or evidence to prove that any of the jury members were exposed to the alleged pretrial publicity and were [not] impartial as a result of the alleged overwhelming pretrial publicity.  Since Defendant has failed to meet the second prong of Strickland, it is unnecessary to address the performance component.  See Kennedy v. State, 547 So. 2d 912, 914 (Fla. 1989).  As such, no relief is warranted . . . .

Baldwin has never presented evidence to support his claim that the jurors were prejudicially influenced by pretrial publicity.  Baldwin's claim is based only on speculation. See United States v. Ashimi, 932 F.2d 643, 650 (7th Cir. 1991) ("[E]vidence about the

- 16 -

testimony of a putative witness must generally be presented in the form of actual testimony by the witness or an affidavit.  A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim.") (footnotes omitted).  Baldwin fails to show that the state court's decision was either an unreasonable determination of the facts or an unreasonable application of Strickland.

Accordingly, Baldwin's original and amended petitions for the writ of habeas corpus (Doc. 1 and 25) are **DENIED**.  Baldwin's "Motion for Discovery" (Doc. 37) on ground five is **DENIED** as moot.  The clerk shall enter a judgment against Baldwin and close this case.

ORDERED in Tampa, Florida, on March 28, 2011.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE